IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

DYLAN RILEY                                                                                              PLAINTIFF

v.                                          Case No. 1:23-cv-01060

SHERIFF LEROY MARTIN;
JAIL ADMINISTRATOR GEAN SEIGER;
CHIEF DEPUTY JERRY MANESS;
COLUMBIA COUNTY JAIL DOCTOR;
STACEY WALLS; & STEPHANIE INGLE                                                          DEFENDANTS

## ORDER

Currently before the Court is Plaintiff's failure to comply with orders of the Court and to prosecute this matter. Plaintiff Dylan Riley originally submitted this 42 U.S.C. § 1983 action *pro se*, on June 9, 2023, in the United States District Court for the Eastern District of Arkansas. ECF No. 1. The Eastern District transferred the case to this Court on June 14, 2023. ECF No. 3.

On August 1, 2023, the Court entered an Order granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* in this matter. ECF No. 11. In this Order, the Court also advised Plaintiff he was to immediately inform the Court of any changes of address. Specifically, Plaintiff was directed to provide the Court with any new address within thirty (30) days from the date of transfer or release. *Id.*

On September 8, 2023, Defendants filed a Motion to Dismiss this matter pursuant to Local Rule 5.5(c)(2). ECF No. 20. In this Motion, Defendants informed the Court they were unable to serve their Answer on Plaintiff at his address of record—the Columbia County Detention Center ("CCDC"). *Id.* On September 11, 2023, the Court entered an Order directing Plaintiff to respond to Defendants' Motion to Dismiss. ECF No. 23. Plaintiff's court-ordered response was due on October 2, 2023. *Id.* Plaintiff was advised in this Order that failure to comply with the Order would result in dismissal of this matter. *Id.* This Order was mailed to Plaintiff at his address of record at the CCDC. On September 20, 2023, the Order was returned as undeliverable mail. ECF No. 25. Additionally, on September 18,

2023, the Court also received a previous Bench Order mailed to Plaintiff at the CCDC returned as undeliverable mail. ECF No. 24.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2). Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has wholly failed to prosecute this case and comply with the Court's Orders. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 25th day of October, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge